UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| MOISES ANTONIO GUTIERREZ-DE LA CRUZ, *et al.* | § § § § | |
| *Plaintiffs*, | § § | No. 6:20-cv-0129-JWH |
| v. | § § | Civil Action |
| FELIX VENEGAS, SR., *et al.* | § § | |
| *Defendants*. | § § | |

## RESPONSE IN OPPOSITION TO
## DEFENDANT GENESIS VENEGAS SALMON'S
## MOTION TO DISMISS

Plaintiffs are two foreign laborers who assert claims against their former employers and the person who facilitated their entry into the United States, Genesis Venegas Salmon. Complaint, ECF 1.  Ms. Venegas responded with a motion to dismiss.  Motion, ECF 3.  Plaintiffs respond in opposition as follows:

### ISSUES FOR DECISON

1.     Whether Ms. Venegas has met her burden of showing that the Complaint fails to plausibly state a claim against her.

2.     Whether the Complaint pleads fraud with the particularity required by Rule 9(b).

3.     Whether leave to amend can cure any deficiency identified in the Complaint.

### OVERVIEW

Ms. Venegas argues that the Complaint fails to plausibly allege that when she wrote and filed government immigration forms for her uncle's business, she knew that the forms contained false information.  Motion ¶¶ 13-23.  This argument ignores the text of the Complaint and an order in a related case.  The Complaint plausibly and particularly alleges that Ms. Venegas and

1

her uncle conspired over the course of eleven years to exploit hundreds of foreign workers by assigning them long hours at illegally low pay, and that they accomplished this goal by submitting dozens of fraudulent "H-2A" applications to the federal government. The Complaint alleges the very racketeering that the Racketeer Influenced and Corrupt Organizations Act ("RICO") is intended to redress, and satisfies the pleading standards of Rules 8(a) and 9(b).

## ARGUMENT

**I.   The Complaint plausibly alleges that Ms. Venegas and her uncle agreed to lie to the government as part of their conspiracy to exploit foreign workers.**

For purposes of a Rule 12(b)(6) motion, "[p]laintiffs have no burden of proof." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751 (N.D. Tex. 2013). The Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff," *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014), while the movant bears the burden of demonstrating why a claim must be dismissed as implausible. *See Manufacturers All. Ins. Co. v. B&B Transportation, LLC*, No. 1:18-CV-13-RP, 2018 WL 7288578 at *5 (W.D. Tex. Dec. 14, 2018); 5B WRIGHT, MILLER, KANE, & SPENCER, FED. PRAC. & PROC. § 1357 & n.14 (3d ed.) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists."). Ms. Venegas fails to meet this burden.

    **1.   The U.S. District Court for the Western District of Texas held that the "virtually identical" complaint in a related case states plausible RICO claims.**

Ms. Venegas argues that partial dismissal of a related case "based on virtually identical allegations" supports her implausibility argument. Motion ¶ 19. To the contrary, the opinion in the related case holds that the "virtually identical allegations"—including allegations that Ms. Venegas participated in the RICO enterprise—states plausible RICO claims against Venegas family members, including Ms. Venegas. The Court observed that "[a]ccording to the

2

complaint, 'Fermin Venegas, Felix Venegas Sr. and Jr., ***assisted by Genesis Venegas Salmon*** and the ranchers on their itineraries, developed and implemented a method of employing dozens of H-2A workers year-round by annually submitting four, overlapping H-2A applications.'" *Rodriguez-Meza v. Venegas*, No. 17-cv-54, 2018 WL 7348864 at *17 (W.D. Tex. Sept. 27, 2018) (emphasis added).  The Court concluded that "[t]he Plaintiffs have adequately alleged the existence of an enterprise" by "describ[ing] a plan where the H-2A Employer-Defendants, ***with the help of other members of the enterprise,*** submitted fraudulent clearance orders and work contracts to the DOL and USCIS in order to obtain H-2A workers and unlawfully save on labor costs."  *Id.* at *19 (emphasis added).

While the Court dismissed RICO claims against four non-Venegas employers who were alleged to have benefitted from the conspiracy, the Court did so after finding that the plaintiff-workers failed to plausibly allege that the four knew of, or were involved in, the fraud.  *Id.* at *22-23 & n.22.  The allegations here—that Ms. Venegas was directly involved in the production and presentation of fraudulent H-2A visa applications, Complaint ¶¶ 38-41 and 132-134—place Ms. Venegas with the other Venegas family members described in *Rodriguez-Meza*, and not with the four non-Venegas employers.  *See* Order Granting Leave to Amend, No. 17-cv-54, ECF No. 171 at 5-6 (RICO claims against Ms. Venegas in *Rodriguez-Meza* were not futile, but they were untimely.).

    **2.**  **Ms. Venegas fails to identify any deficiency in the Complaint's text.**

The gravamen of Ms. Venegas's Rule 12(b)(6) argument here is that "Plaintiffs have not alleged any specific facts relating to with whom Ms. Venegas agreed to participate in the conspiracy to commit visa fraud, when and where this was done, and what she was to obtain."  Motion ¶ 13.  Not so.  Ms. Venegas conspired with her uncle Felix Venegas, Sr. and her cousin

Felix Venegas, Jr.  Complaint ¶¶ 1, 132.  She did so at least twice each year from 2008 through 2019, including December 2016, November 2017, December 2017, and December 2018. Complaint ¶¶ 38, 134, 145.  She did so at the Venegas family businesses throughout the Ozona-Sonora-San Angelo region.  Complaint ¶¶ 36, 39, 55, 128.b.  She did so for financial gain. Complaint ¶ 74, 102, 131, 142.

Ms. Venegas is also wrong to claim that the Complaint fails to plausibly allege any specific facts indicating that she knew that the immigration applications that she wrote and presented to the federal government contained false information.  Motion ¶¶ 15-18.  The false statements promised certain wages, a certain work type, and certain work sites.  Complaint ¶ 1. The Forms ETA-9142 and ETA-790 that Ms. Venegas wrote and submitted to DOL all promised that the employers would record the actual number of hours that each worker worked each week, and would pay for the first 40 hours of work at $11.59 per hour in 2017, $11.87 per hour in 2018, and $12.23 per hour in 2019, and overtime for all hours over 40 each workweek.  Complaint ¶¶ 19, 21, 38-39. 48-50, 67, 77, 95.  The forms stated that the work would exclusively consist of shearing sheep and raising cattle at specific addresses near Ozona, Texas, for specific dates at each location.  *Id.*; *see* 20 C.F.R. § 655.132 (H-2A applicants must list the dates the workers will work at each location).  The Complaint alleges that at the time that Ms. Venegas submitted the forms to the government, she knew that hundreds of foreign workers would be underpaid and assigned to work long hours building ranch fences and working in oilfields throughout West Texas rather than shearing sheep and raising cattle at specific addresses, and she knew that she would financially benefit from this scheme.  Complaint ¶¶ 55, 130-138 and 142-145.  The Complaint sets forth the details of exactly how Plaintiffs Moises Gutierrez and Ramiro Casillas were exploited under this scheme.  Complaint ¶¶ 44-102.

4

RICO plaintiffs may rely on circumstantial evidence to prove "that the defendant knew of and agreed to the overall objective of the RICO offense." *United States v. Delgado*, 401 F.3d 290, 296 (5th Cir. 2005); *see also O'Kane v. Sembritzky*, No. 18-cv-2728, 2020 WL 4604500 at *7 (S.D. Tex. Aug. 11, 2020) (quoting *Spoljaric v. Perival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986) ("Slight circumstantial evidence of fraud, when considered with the breach of promise to perform, is sufficient to support a finding of fraudulent intent."). Circumstantial evidence of knowledge includes:

(a) "proximity to the fraudulent activities," *United States v. Willett*, 751 F.3d 335, 340 (5th Cir. 2017);

(b) familial relationships to the fraudsters, when accompanied by other evidence of knowledge, *id.* at 340-41 and *United States v. Soape*, 169 F.3d 257, 264 (5th Cir. 1999);

(c) fraud of large magnitude, when accompanied by other evidence of knowledge, *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.,* No. 08-cv-7508, 2013 WL 1155420 at *4 n.36 (S.D.N.Y. Mar. 20, 2013) and *United States v. Kruse,* No. 08-cr-339, 2009 WL 1514408 at *4 (E.D. Wis. May 30, 2009), *aff'd*, 606 F.3d 404 (7th Cir. 2010);

(d) repeated fraud over long duration, *Anderson v. Comm'r*, 250 F.2d 242, 250 (5th Cir.1957);

(e) obviousness of the fraud, *Hope v. Pelzer*, 536 U.S. 730, 738 (2002) and *Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 684 (5th Cir. 2014); and

(f) easy access to the facts, *Doe v. Robertson*, 751 F.3d 383, 389 (5th Cir. 2014).

The Complaint alleges all of this circumstantial evidence. Individually and together, it shows that Ms. Venegas plausibly knew of the fraud:

5

(a) *Proximity to* the *fraudulent activities.*  Ms. Venegas wrote the fraudulent statements and submitted them to the government.  Complaint ¶¶ 38-41, 132-134.  Ms. Venegas also wrote various contracts intended to protect her and her uncle from lawsuits such as this one.  Complaint ¶ 133.e.; Completion Contract, ECF 1-4 (signed but undated).

(b) *Familial relationships.*  Ms. Venegas engaged in the scheme with her uncle and other members of her family.  Complaint ¶¶ 1, 132-134.

(c) *Large magnitude*.  The alleged scheme included at least 22 fraudulent applications.  Complaint ¶¶ 38, 132-133.  Each application sought to import 12-14 workers, for a total of "hundreds" of fraudulent visas.  Complaint ¶¶ 1, 38, 134; *see United States v. Wang*, 944 F.3d 1081, 1084 (9th Cir. 2019) (characterizing the obtaining of hundreds of fraudulent visas as "large-scale . . . immigration fraud").  Each visa permitted one worker into the U.S. to work exclusively for Defendants, and facilitated that worker's exploitation.  ECF 1-1 and 1-2.  Ms. Venegas's uncle illegally profited at least $31,333.95 *each year* from the labor of only *one* of the 24 workers that he imported annually.  Complaint ¶¶ 49, 54, 61-65.[1]  Ms. Venegas herself profited $1,000 from each visa, for a total of hundreds of thousands of dollars.  Complaint ¶¶ 74, 102, 145; *see Willett*, 751 F.3d at 341-42 (high profit margins can be circumstantial evidence of fraud);

(d) *Long duration*.  The same fraud occurred at least twice every year between 2008 and 2019.  Complaint ¶¶ 38, 133, 134.

---

[1] ($12.23 AEWR x (40 hours + (1.5 overtime x 38 hours)) - ($70 paid/day x 7 days/week)) x 45 weeks = $31,333.95 underpayment in 2019.

(e) *Obviousness.* The fraud involved using foreign labor to operate an entire fence construction business while misrepresenting to the government that the workers were needed to shear sheep and raise cattle. Complaint ¶ 1, 55, 132-136.

(f) *Easy access.* Ms. Venegas swore on penalty of perjury that each application she submitted to the government accurately reported the wages to be paid and work to be assigned. Complaint ¶¶ 40-41. This fairly implies that she had access to evidence of how her uncle actually used and paid his H-2A workers, for she could (and naturally should) have refused to sign if he refused access.

On these facts, if Ms. Venegas did not actually know of her uncle's fraud, this is only because she deliberately avoided knowing, which is itself evidence of scienter. *See U.S. v. Lee*, 966 F.3d 310, 323 (5th Cir. 2020) ("[A] defendant cannot bury his head in the sand to avoid liability."); *First Am. Corp. v. Al-Nahyan*, 17 F. Supp. 2d 10, 33 (D.D.C. 1998) ("[M]ere ignorance is not an absolute bar to RICO liability if that ignorance is willful or reckless.").

This deliberate avoidance issue again requires examination of Ms. Venegas's attestation to DOL. In each of Ms. Venegas's visa applications, she swore that "to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in a Federal penitentiary or both." Complaint ¶¶ 38-41 (Form ETA-9142 allegations); *see also* https://www.foreignlaborcert.doleta.gov/pdf/ETA_Form_9142_Appendix_A2_FINAL.pdf (Form 9142 Attestation of Agent). The phrase "to the best of my knowledge" implies that Ms. Venegas undertook an investigation into the truth of the matters stated in the applications; it is not an escape clause that negates her sworn statement. *See In re Grausz*, 302 B.R. 820, 825 (D.

7

Md. 2002), *aff'd*, 63 Fed. App'x 647 (4th Cir. 2003) ("[A] party to a contract who undertakes to act 'to the best of his knowledge' at a minimum implies that he will make a good faith effort to ascertain the true state of the facts."); *Dadvar v. Liberty Mutual Ins. Co.*, No. 20-cv-071, 2021 WL 272216 at *3 (W.D. Tex. Jan. 27, 2021) (A sworn statement "to the best of my knowledge" proves personal knowledge of the truth of the facts "from the declarant's position and the nature of his participation in the sworn matters."). The Court may reasonably infer that no one would sign such a statement once, let alone repeatedly over a decade, without conducting some inquiry into truthfulness, and even the most minimal inquiry would have revealed that Ms. Venegas's uncle was using H-2A workers to operate his large fencing business. If Ms. Venegas did not conduct some inquiry into truthfulness before signing this attestation over and over, then this is evidence of deliberate avoidance.

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation and internal quotation marks omitted). Ms. Venegas has not shown that she is entitled to this relief.

## II.     The Complaint meets the particularity requirements of Rule 9(b).

Ms. Venegas argues that the same deficiencies that render the Complaint implausible under Rule 8 also render it deficient under Rule 9(b)'s particularity requirement. Motion ¶¶ 20-24. But Plaintiff satisfied Rule 9(b) by specifically stating the who, what, where, when, and how of the fraud as detailed in Part I, *supra*. *See Casares v. Agri-Placements*, 12 F. Supp. 2d 956, 971-73 (S.D. Tex. 2018) (same holding on similar facts). With respect to Ms. Venegas's alleged knowledge of the fraud, for purposes of Rule 9 "[a]llegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, . . . may be pleaded generally."

8

*Rodriguez-Meza*, 2018 WL 7348864 at *17 (*quoting Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)).

### III.   In the alternative, Plaintiffs seek leave to amend.

Under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Plaintiffs have pleaded sufficient facts to support their claims. Further pleading practice would be inefficient for the Court and parties, and would be of no practical value to Ms. Venegas because the pleadings already inform her of exactly what Plaintiffs claim she did wrong. *See Dowda v. Cascade Process Controls, Inc*., No. 20-cv-01201, 2021 WL 148059 at *1 (W.D. Tex. Jan. 15, 2021) (*Iqbal* is aimed at securing "fair notice of what the claim is and the grounds upon which it rests"); *Agri-Placements*, 12 F. Supp. 3d at 973 ("Plaintiffs plead their fraud based claims with enough specificity to allow Defendants to prepare a defense and to limit any fishing expedition in discovery . . . to a small pond that is either stocked or dead.") (citation and quotation omitted). Particularly for remedial statutes like RICO, a plaintiff's limited access to facts that are uniquely within a defendant's possession is properly considered in applying *Iqbal*'s plausibility standard. *Innova Hosp. San Antonio v. Blue Cross and Blue Shield of Georgia, Inc.*, 892 F.3d 719, 731 (5th Cir. 2018); *see also Malvino v. Delluniversita*, 840 F.3d 223, 230 (5th Cir. 2016) (RICO is a remedial statute.).

If, however, the Court determines that further allegations are necessary, Plaintiffs seek leave to amend that affords Plaintiffs an opportunity to supply them. Plaintiffs can allege additional details concerning the extent of the misrepresentations made by Ms. Venegas, and her knowledge of their falsity. Leave to amend should be liberally granted under Rule 15, particularly when as here, no deadline for amendments has been set, and the complaint has not once been amended. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002) (courts properly "afford plaintiffs at least one opportunity to cure

9

pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"); *Schultea v. Wood*, 47 F.3d 1427, 1436 (5th Cir. 1995) (Jones, J., concurring en banc) ("this circuit's directives . . . allow a plaintiff initially failing to state a claim the opportunity to amend or supplement the pleadings freely, so that he may state his best case"); *Milano v. Perot Sys. Corp.*, No. 02-cv-0031, 2006 WL 929325 at *20 (N.D. Tex. Mar. 31, 2006) ("it is this court's practice to allow plaintiffs at least one opportunity to replead after the court has identified defects in a complaint").

## CONCLUSION

The Court should deny Ms. Venegas's motion to dismiss.

February 18, 2021                                             Respectfully submitted,

/s/ *Jerome Wesevich*
Jerome Wesevich
jwesevich@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Ave.
El Paso, Texas 79901
Tel (915) 585-5103
Fax (915) 533-8823

Christopher Willett
cwillett@equaljusticenter.org
Rebecca Eisenbrey
reisenbrey@equaljusticecenter.org
EQUAL JUSTICE CENTER
510 Congress Ave., Ste. 206
Austin, Texas 78704
Tel (512) 474-0007, ext. 132
Fax (512) 474-0008

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I certify that on the date next to my signature above I electronically filed the foregoing document and all referenced exhibits and attachments with the Clerk using the Court's CM/ECF system, which provides notice and service of these documents to attorneys for the movant, Genesis Venegas Salmon.  I also certify that on this same date I provided a copy of the forgoeing document and all referenced exhibits and attachments to counsel for all other Defendants in a related case, as follows:

  Robert Garza
  Attorney-at-Law
  2116 Veterans Blvd., Ste. 5
  Del Rio, Texas 78840
  Tel. (830) 775 -6762
  robert_garza@outlook.com

                */s/ Jerome Wesevich*