IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| MOISES ANTONIO GUTIERREZ-DE LA CRUZ and RAMIRO CASILLAS-SANCHEZ,  Plaintiffs, v.  FELIX VENEGAS, SR., FELIX VENEGAS, JR., GENESIS VENEGAS SALMON, and VENEGAS CONSTRUCTION, LLC,  Defendants. | § § § § § § § § § § § § § § No. 6:20-cv-0129 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT GENESIS VENEGAS SALMON'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

COMES NOW, Genesis Venegas Salmon, Defendant herein ("Defendant" or "Ms. Venegas Salmon"), and files this Supplemental Memorandum in Support of Defendant Genesis Venegas Salmon's Motion to Dismiss Plaintiffs' Original Complaint ("Supplemental Memorandum"), and would show the Court as follows:

**I.
INTRODUCTION**

1. Ms. Venegas Salmon files this Supplemental Memorandum as supplemental authority in support of her Motion to Dismiss Plaintiff's Original Complaint (ECF Doc. No. 3). Plaintiffs allege only two causes of action against Defendant Genesis Venegas Salmon ("Ms. Venegas Salmon")—a civil RICO Enterprise claim under 18 U.S.C. § 1962(c) and a RICO Conspiracy claim under 18 U.S.C. § 1962(d). "In order to state a claim under 18 U.S.C. § 1962, a

1

plaintiff must allege: 1) the conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity." *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

2. Ms. Venegas Salmon files this Supplemental Memorandum as to both of Plaintiffs' RICO claims pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) because Plaintiff failed to plead the required element of "conduct" for a Section 1962(c) violation, and a subsection (d) claim is dependent on subsection (c). *See Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 643 (S.D. Tex. 2016). *See In re MasterCard Int'l Inc.*, 313 F.3d 257, 261 (5th Cir. 2002) (affirming dismissal based on conclusion that plaintiffs failed to plead the conduct element of a Section 1962(c) violation; "this conclusion, alone, is dispositive, we need not consider whether the Plaintiffs sufficiently alleged the other elements.").

## II.
## ARGUMENT

### A. Plaintiffs' Section 1962(c) RICO claim fails under Rules 12(b)(6) and 9(b) because they have not pled RICO conduct.

3. Section 1962(c), which is Plaintiffs' first RICO claim, prohibits "any person employed by or associated with any enterprise" from participating in or conducting the affairs of that enterprise through a "pattern of racketeering activity." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 445 (5th Cir. 2000); 18 U.S.C. § 1962(c). Section 1962(d), which is Plaintiffs' second RICO claim, prohibits a conspiracy to violate the provisions of § 1962(c). Regardless of the subsection, RICO claims under § 1962 have three common elements: 1) a person who engages in, 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). Plaintiffs rely on the predicate act of visa fraud under of 8 U.S.C. § 1324 and 18 U.S.C. §§ 1351(a) and 1546, for their alleged RICO violations under 18 U.S.C. §§ 1962(c)-(d).

6. For § 1962(c) liability to attach, a plaintiff must demonstrate that the defendant was employed by or associated with the enterprise and participated in the conduct of the enterprise's affairs. "[T]o conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs…one **must** participate in the **operation** or **management** of the **enterprise itself**." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (emphasis added). This requires some part in **directing** the affairs of the **enterprise itself**. *Id*. at 178-79.

7. Plaintiffs generally allege wrongdoing by the "Employer Defendants," Felix Venegas, Sr., Felix Venegas, Jr., and Venegas Construction, LLC, which does not include Ms. Venegas Salmon. Plfs' Orig. Com., ¶ 35, ECF Doc. No. 1. Plaintiffs' RICO claims are based on the allegations that the Defendants are an enterprise who conspired to exploit the Plaintiffs and other workers by violating federal immigration laws that specify how foreign laborers may be employed. *See generally, id*.

8. As to Ms. Venegas Salmon, Plaintiffs allege only that Ms. Venegas Salmon "acted together" with Defendant Felix Sr., "to file one or more H-2A applications…with DOL" (Plfs' Orig. Com., ¶ 38, ECF Doc. No. 1), that she "acts as agent for both Fermin Venegas (her father) and Felix Venegas, Sr. (her uncle), in writing and submitting four substantially similar and overlapping H-2A application every year," (Plfs' Orig. Com., ¶ 133(c), ECF Doc. No. 1), and that "Fermin Venegas and Felix Venegas Se. require all their workers to sign identical 'Beginning Work' contracts and 'Completion Work' contracts…that were drafted by Defendant Genesis Venegas Salmon (Plfs' Orig. Com., ¶ 133(e), ECF Doc. No. 1). Plaintiffs then only general allege that "[a]ll Defendants agreed to and did conduct and participate in the conduct of the enterprises' affairs through a pattern of racketeering activity. Plfs' Orig. Com., ¶ 134, ECF Doc. No. 1.

9.  Significantly, Plaintiffs' Original Complaint is void of **any** facts that Ms. Venegas Salmon was involved in **directing the affairs of the alleged enterprise**. Plaintiffs plead no facts alleging that Ms. Venegas Salmon in any way operated or managed the alleged RICO enterprise. In fact, Plaintiffs **do not even make a conclusory allegation** that Ms. Venegas Salmon participated in the operation or management of the alleged enterprise.

10. Specifically, Plaintiffs have failed to plead facts to support the "conduct" element of a RICO claim—that is, Plaintiffs have failed to show Ms. Venegas Salmon was involved in the **operation** or **management** of the alleged enterprise. Providing services to an enterprise does not give rise to liability under RICO. *Reves*, 507 U.S. at 179 ("In order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in **directing** those affairs. Of course, the word 'participate' makes clear that RICO liability is not limited to those with primary responsibility…but some part in **directing the enterprise's affairs** is **required**.") (emphasis added); *see also Iraheta v. Thurman & Phillips, P.C.*, No. SA-20-CV-00003-XR, 2020 U.S. Dist. LEXIS 149285, at *11-13 (W.D. Tex. 2020) (citing to *Reves*, "The Supreme Court has clarified that under Section 1962(c), in order for an alleged RICO perpetrator to 'conduct or participate...in the conduct of' an enterprise, they **must** have **'some part** in **directing** the enterprise's affairs'" and "[t]he conduct element requires that the defendant 'participate[d] in the **operation** or **management** of the enterprise itself.'" (emphasis added)).

11. Because Ms. Venegas Salmon is only alleged to have provided services to the Employer Defendants, Plaintiffs' claims fail and must be dismissed. *See Reves*, 507 U.S. at 186 (affirming dismissal of RICO claim against accounting firm providing services to enterprise); *Benhamou*, 190 F. Supp. 3d at 655 ("[S]imply providing goods or services that ultimately benefit the enterprise will not subject one to liability."); *Dell Inc. v. Mishra*, No. A-16-CV-00641-SS,

4

2018 U.S. Dist. LEXIS 131120, at *16 (W.D. Tex. 2018) ("The Court struggles to understand how providing telephone services constitutes racketeering activity actionable under RICO."); *Compass Bank v. Villarreal*, CIV.A. L-10-8, 2011 U.S. Dist. LEXIS 48271, 2011 WL 1740270, at *13 (S.D. Tex. May 5, 2011) ("Having a business relationship with a RICO enterprise does not constitute operation and management of the enterprise's affairs necessary for RICO liability."); *see also Amsterdam Tobacco Inc. v. Philip Morris Inc.*, 107 F. Supp. 2d 210, 218 (S.D.N.Y. 2000) ("Providing important services to a racketeering enterprise is not the same as directing the affairs of an enterprise."); *Iraheta*, No. SA-20-CV-00003-XR, 2020 U.S. Dist. LEXIS 149285, at *11-13 ("[a]llegations that a defendant provided important services to an enterprise… or that a business relationship existed between a defendant and an alleged RICO enterprise are not enough"); *In re MasterCard*, 132 F. Supp. 2d at 489 ("Allegations of a business relationship do not indicate that defendants took part in directing the enterprise's affairs."); *Rolfes v. MBNA Am. Bank N.A.*, 416 F. Supp. 2d 745, 752 (D.S.D. 2005) ("[F]urnishing a client with ordinary professional assistance, even when the client happens to be a RICO enterprise, will not normally rise to the level of participation sufficient to satisfy the Supreme Court's pronouncements in *Reves*.").

12. "Although one need not be a ringleader, the Fifth Circuit has made clear that a defendant must have some **supervisory involvement** in an enterprise in order to satisfy § 1962(c)'s conduct or participate requirement." *Benhamou*, 190 F. Supp. 3d at 645 (citing *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 2015 WL 5472433, at *4 (5th Cir. 2015) (acknowledging that defendants had limited roles but nevertheless finding they "**participated in managing** the enterprise with their **supervisory roles** in their respective parts of the scheme.") (emphasis added)). Thus, simply providing goods or services that ultimately benefit the enterprise will not subject one to liability. *In re MasterCard*, 132 F. Supp. 2d at 489.

13. The same is true even if the services are provided with knowledge or willful disregard of the enterprise's racketeering activities, or simply contributing to the enterprise "with the knowledge of or willful disregard" for the other defendants' supposed criminal activity. *See Gonzalez v. Bank of Am.*, CV H-09-2946, 2011 U.S. Dist. LEXIS 16963, at *7, 21 (S.D. Tex. Feb. 20, 2011); *Compass Bank*, No. 10-8, 2011 U.S. Dist. LEXIS 48271, at *13. Even the receipt of funds or materials on its own, without more, will not establish that a defendant actually operated the scheme to obtain those funds or materials. *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 551 (5th Cir. 2012).

14. Here, the Plaintiffs' factual allegations fail to show Ms. Venegas Salmon participated in the operation or management of the alleged enterprise. *See Dell Inc.*, No. A-16-CV-00641-SS, 2018 U.S. Dist. LEXIS 131120, at *15-16 ("Dell alleges IFN provided telephone forwarding services to one or more other non-IFN defendants that were used in the alleged fraudulent scheme… Based on these facts, Dell alleges…IFN is acting with the intent to further the goals of the enterprise…Dell has failed to show IFN was involved in the operation or management of the alleged enterprise. Providing goods or services to an enterprise does not give rise to liability under RICO."). The mere fact that Ms. Venegas is a visa preparer and prepared the Plaintiffs' visa applications is insufficient to show that she directed the affairs of the enterprise itself, as required by the U.S. Supreme Court in *Reves* and the subsequent, above-cited Fifth Circuit and Western District cases reaffirming the holding in *Reves*.

15  For these reasons, Plaintiffs' RICO claims against Ms. Venegas Salmon should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

**C.   Plaintiffs' Section 1962(d) RICO claim fails because Plaintiffs failed to plead a plausible RICO claim under § 1962(c).**

16. The Plaintiffs have failed to plead a plausible RICO claim under § 1962(c) against Ms. Venegas Salmon, therefore, the Plaintiff's § 1962(d) claim also fails. *See Benhamou*, 190 F. Supp. 3d at 643 (dismissing § 1962(d) claim against defendant in light of plaintiff's failure to plead a plausible § 1962(c) claim against the same defendant); *Iraheta*, 2020 U.S. Dist. LEXIS 149285, *15 ("Because, as discussed above, Plaintiff fails to allege an actionable Section 1962(c) claim, his conspiracy claim under Section 1962(d) also fails as a matter of law.").

### III.
### CONCLUSION

17. Ms. Venegas respectfully requests that this Court dismiss with prejudice this case in its entirety.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court dismiss Plaintiffs' suit with prejudice and grant Defendant such other and further relief to which she is entitled.

          Respectfully submitted,

          **MOUNCE, GREEN, MYERS,**
          **SAFI, PAXSON & GALATZAN**
          A Professional Corporation
          P. O. Box 1977
          El Paso, Texas 79999-1977
          Phone: (915) 532-2000
          Telefax: (915) 541-1597
          koehler@mgmsg.com
          mirazo@mgmsg.com
          esparza@mgmsg.com

By: _____
          **Bruce A. Koehler**
          State Bar No. 11649300
          **David M. Mirazo**
          State Bar No. 24044610
          **Michelle D. Esparza**
          State Bar No. 24116329

          Attorneys for Defendant Genesis
          Venegas Salmon

## **CERTIFICATE OF SERVICE**

I certify that on June 10, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which electronically sent notification to all counsel of record.

_____
**Michelle D. Esparza**

8